Argued and submitted July 30, affirmed November 24, 1982, reconsideration denied January 7, petition for review denied January 25, 1983 (294 Or 461)

## STATE OF OREGON,
*Respondent,*

*v.*

## ARLENE LUCILLE ARMS,
*Appellant.*

(No. T-1-73, CA A23487)

653 P2d 1004

Richard A. Cremer, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The issue is whether a defendant who is acquitted on a criminal charge may be ordered, under ORS 135.055(6), to pay all or part of the costs incurred by the county for defendant's appointed counsel. Defendant was charged with driving while under the influence of intoxicants. ORS 487.540. At trial, she was represented by the Douglas County Public Defender. She was acquitted on March 31, 1981. After two hearings to determine her financial condition, she was found able to pay the cost of her appointed counsel, and judgment for $168 was entered against her on December 22, 1981. She appeals, arguing that ORS 135.055(6) authorizes such a judgment only for convicted defendants. Because we find that ORS 135.055(6) applies whether or not a defendant is convicted, we affirm.

■   Before argument, the state moved to dismiss the appeal for lack of an appealable order. The motion was denied, with leave to renew it in the state's brief and on oral argument. The state has renewed its motion, arguing that this is a "criminal proceeding," that defendant is attempting to appeal from a judgment of acquittal and that no statute authorizes such an appeal. Therefore, the state asserts, under ORS 138.010,[1] the judgment for costs is not appealable and this court lacks jurisdiction to hear the case.

We do not think it determinative that the obligation for which defendant was found liable arose from a criminal prosecution. She is not appealing a judgment of acquittal. She is appealing a judgment ordering her to pay money to the county. Regardless of the nature of the proceeding giving rise to the obligation, defendant is now civilly liable to the county for $168. The judgment making her liable is appealable under ORS 19.010(2)(c).[2] We proceed to the merits.

---

[1] ORS 138.010 provides:

"Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.300."

[2] ORS 19.010(2)(c) provides:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

■      Under ORS 135.050 the court must appoint counsel, at county expense, for a criminal defendant who requests counsel and who is unable to pay. ORS 135.055(6) requires the court, at the completion of counsel's services, to determine whether defendant is then able to pay any portion of that expense paid by the county. It provides:

> "Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the court shall determine whether the person for whom counsel was appointed is able to pay a portion of the compensation and expenses paid by a county. In determining whether the person is able to pay such portion, the court shall take into account the other financial obligations of the person, including any fine or order to make restitution. In addition to any agreement to repay under ORS 135.050(4), if the court determines that the person is able to pay such portion, the court may order the person to pay the portion to the appropriate officer of the county."

Under the statute, the court may order repayment of any portion of the cost of counsel that "the person" for whom services were provided is able to pay. The statute does not distinguish between convicted and acquitted defendants. On its face, it applies to all individuals for whom counsel is appointed, regardless of the outcome of the prosecution.

Defendant argues that the statute must nonetheless be construed to apply only to convicted defendants. She relies principally on ORS 161.665, which authorizes a sentencing court to order a convicted defendant to pay the costs specially incurred by the state for the prosecution. ORS 161.665 provides:

> "(1)   The court may require a convicted defendant to pay as costs those expenses specially incurred by the state in prosecuting the defendant. Costs include the compensation of appointed counsel and expenses as determined under ORS 135.055(6). Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance

---

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(2)  The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(3)  A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced the defendant for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the immediate family of the defendant, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

Defendant points out that only convicted defendants may be ordered to pay under this statute and that "costs" under subsection (1) are defined to include compensation of appointed counsel as determined under ORS 135.055(6). From this, she argues that ORS 135.055(6) must have been intended to apply only to convicted defendants.

We do not read ORS 161.665 as an implied limitation on the application of ORS 135.055(6). ORS 161.665 provides for a variety of costs that may be assessed against a convicted defendant as part of defendant's sentence. These costs include, but are not limited to, the cost of an appointed attorney. ORS 135.055(6), independently of ORS 161.665, authorizes the court to order reimbursement for the cost of an appointed attorney if defendant is found able to pay. Although, under ORS 161.665(1), the cost of counsel may be assessed as part of defendant's sentence after conviction, ORS 135.055(6) is not a sentencing statute. It is simply a means of recouping some of the county's costs where a defendant, convicted or not, is found able to pay. Nothing in either statute gives us reason to imply that ORS 161.665 limits the apparent application of ORS 135.055(6) to all persons for whom counsel has been appointed. Moreover, defendant's reading of ORS 161.665(1) would make ORS 135.055(6) totally superfluous.

Defendant argues further that a conviction was contemplated under ORS 135.055(6), because the court is required to consider defendant's other obligations, including any fine or order to make restitution, in determining defendant's ability to pay. Although ORS 135.055(6) does require consideration of such factors *when* a defendant is convicted, it does not state that the court is to inquire into a defendant's ability to pay *only* when the defendant is convicted. The statute provides that the court is to make that inquiry, not "upon conviction," but "[u]pon completion of all services by [appointed] counsel."

Finally, defendant points to ORS 135.050(8), which provides:

> "A civil proceeding may be initiated by any public body which has expended moneys for the defendant's legal assistance within two years of judgment if the defendant was not qualified in accordance with subsection (1) of this section for legal assistance."

Defendant argues that this statute provides the only mechanism by which a public body may recover the cost of counsel appointed for an acquitted defendant. Like ORS 135.055(6), however, this statute does not specify that it applies only to acquitted or only to convicted defendants. Rather, it allows a public body to recover money it expended for assistance to which defendant was not entitled when counsel was appointed, whether defendant was convicted or not. It is a means of recovering sums erroneously expended. It has no bearing on ORS 135.055(6), which provides for recovery of sums defendant is able to pay at the completion of services, regardless of whether at the time of appointment defendant qualified for assistance.[3]

Affirmed.

---

[3] Defendant argues in passing that the procedure for determining liability for the cost of counsel denies her right to a jury trial. Oregon Constitution, Article I, section 17, as limited by Amended Article VII, section 3, guarantees the right to a jury trial in a civil case only if the amount in controversy exceeds $200. *See Behnke v. Jordan,* 275 Or 199, 203, 550 P2d 736 (1976). Here the amount of judgment was $168, and plaintiff does not argue that the "amount in controversy" exceeded that figure. Therefore, we do not decide whether a jury trial would otherwise be required.