Argued and submitted May 28, 1986, affirmed in part and dismissed in part
August 5, 1987

# MOEN,
*Appellant,*

*v.*

# WASHINGTON COUNTY et al,
*Respondents.*

## (82-0519C; CA A35949 (Control))

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT GEORGE BLACK,
*Respondent,*

# MOEN,
*Intervenor-Appellant.*

## (19-850 and 19-851; CA A36066)
## (Cases Consolidated)

740 P2d 802

Susan Elizabeth Reese, Cooperating Attorney for the ACLU, Portland, filed the brief for appellant and intervenor-appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents Washington County; Margaret A. Post, Marlayne Claussen, Michael P. McCarty, Albert R. Musick, Gregory E. Milnes, Holger Pihl, and State of Oregon. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent Michael J. McElligott.

No appearance for respondent Robert George Black.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This is a consolidated appeal in which Moen (plaintiff) seeks return of funds posted by her as bail to secure the appearance of her son, Black. He was convicted in case no. 19-850 on December 19, 1980; case no. 19-851 was dismissed on January 6, 1981. Despite the fact that plaintiff had made the deposit, the trial judge ordered the security exonerated and sent it to Black's attorney, purportedly pursuant to ORS 135.265(2).[1] Seven months later, plaintiff filed a motion for the return of the security deposit to her. The court denied her motion on the grounds that the security deposit belonged to Black, that plaintiff had no standing to object to the exoneration order because she is not a party to the action and that the criminal case was already terminated and the court did not have the authority to reopen it.[2]

■ Plaintiff then brought a civil action, purportedly under 42 USC § 1983, for return of the funds and for a declaration that the procedures used to withhold her funds are unconstitutional. The trial court dismissed her monetary claim on the ground of judicial immunity and dismissed the claim for

---

[1] ORS 135.265(2) provides:

"The defendant shall execute a release agreement and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10 percent of the security amount, but in no event shall such deposit be less than $25. The clerk shall issue a receipt for the sum deposited. Upon depositing this sum the defendant shall be released from custody subject to the condition that the defendant appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court. Once security has been given and a charge is pending or is thereafter filed in or transferred to a court of competent jurisdiction the latter court shall continue the original security in that court subject to ORS 135.280 and 135.285. When conditions of the release agreement have been performed and the defendant has been discharged from all obligations in the cause, *the clerk of the court shall return to the person shown by the receipt to have made the deposit, unless the court orders otherwise,* 85 percent of the sum which has been deposited and shall retain as security release costs 15 percent, but not less than $5 nor more than $200, of the amount deposited. The interest that has accrued on the full amount deposited shall also be retained by the clerk and be applied toward the costs of the security release program. The amount retained by the clerk of a circuit or district court shall be deposited in the General Fund. The amount retained by a justice of the peace shall be deposited in the county treasury. The amount retained by the clerk of a municipal court shall be deposited in the municipal corporation treasury. At the request of the defendant the court may order whatever amount is repayable to defendant from such security amount to be paid to defendant's attorney of record." (Emphasis supplied.)

[2] The order was filed and entered in both cases.

declaratory relief on the ground that she could not use it as an appeal from, or a collateral attack on, a final order previously issued by the court in the criminal case.[3] Plaintiff has not assigned error to either of those rulings, and she does not make *any* argument in her brief regarding those issues. Instead, she assigns as a sort of general error the dismissal of her complaint and argues only the merits of her case, ignoring the procedural posture of the matter altogether. Because she does not contend that any legal error occurred, the trial court's ruling in the civil action stands.

Regarding the denial of her motion in the criminal proceeding, plaintiff argues that, under the statutory system, the security release funds were deposited only to ensure the appearance of Black and that, following his appearance, the deposit should have been returned to her.[4] The trial court denied her motion in July, 1981. She did not appeal from the order denying the motion but, nearly four years later, had the trial court enter a "Final Judgment Order" on May 1, 1985; it merely reiterated the denial of the motion on which an order had been entered in 1981. Plaintiff's appeal is from the 1985 judgment. The state argues that the 1985 entry is a nullity and cannot support an appeal, because the 1981 order was appealable under ORS 19.010(2)(c) as "a final order affecting a substantial right, and made in a proceeding after judgment or decree."[5] We agree.

Even though plaintiff made the motion in a criminal proceeding, it was in the nature of a civil proceeding for the

---

[3] After oral argument we noted the absence of a final judgment. Pursuant to ORS 19.033(4), a final judgment was entered on April 17, 1987.

[4] ORS 135.265(2) specifically says that the deposit should be returned "to the person shown by the receipt to have made the deposit * * *." Plaintiff, however, relies on a version of the statute that was no longer in effect at the relevant time and which stated that a security deposit is to be returned to the accused.

[5] ORS 19.010 provides in relevant part:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

return of court-held funds to which she had a claim. The order finally determined the matter of releasing the security deposit to plaintiff, and it affected a substantial right. It was entered after the final judgment in the criminal proceedings involving that security deposit. ORS 19.010(2)(c), therefore, applies to the 1981 order. *See State v. Curran,* 291 Or 119, 127, 628 P2d 1198 (1981). Plaintiff failed to appeal within 30 days. *See* ORS 19.026(1). She could not resurrect her right to appeal by obtaining the 1985 "judgment." *See Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979); *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983).

Appeal in cases nos. 19-850 and 19-851 dismissed; judgment in case no. 82-0519C affirmed.