Argued and submitted April 16, reversed and remanded with instructions
July 7, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# BRADLY MORRIS CUNNINGHAM, SR.,
*Appellant.*

## (C930434CR; CA A95197)

985 P2d 827

Michael Curtis argued the cause for appellant. With him on the brief were Kathleen M. Correll and Curtis & Correll.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Anne L. Cottrell, Assistant Attorney General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant appeals from a post-judgment order denying his motion to seal court records pertaining to indigent defense expenses. After defendant was convicted of murder, the Washington County District Attorney apparently obtained certain court records relating to defense expenses incurred in *State v. Bradly Morris Cunningham*, C930434CR, as well as other related documents from the State Indigent Defense Services office. The district attorney used those records in unsuccessfully pursuing criminal charges against an attorney and an expert witness who provided indigent defense services in the course of the murder trial.[1] Defendant appealed his murder conviction in March 1995.[2] In September 1996, defendant filed a motion in the trial court that had heard his criminal case, entitled "motion to seal expense motions, affidavits, orders, indigent provider's fee statements and correspondence." The trial court denied that motion on October 3, 1996, and this appeal ensued.

On appeal, defendant contends that the trial court erred in denying his motion to seal the records in question, because ORS 135.055 provides, in pertinent part, that indigent defense expense records "shall not be disclosed to the district attorney prior to the conclusion of the case[.]"

The state responds first that this court lacks jurisdiction over defendant's appeal because the trial court's denial of defendant's motion to seal the indigent expense records is not an appealable order under ORS chapter 138. Defendant, on the other hand, contends that the order is appealable under ORS 19.205(2)(c). We turn first to the jurisdictional question.

---

[1] Defendant avers, and the state does not deny, that the records in question were obtained and used for this purpose. The record before this court, however, does not reveal when or how the district attorney obtained the records in question. Defense counsel averred in an affidavit that the district attorney obtained the records through an *ex parte* proceeding and that defendant received no notice of that proceeding.

[2] That appeal is pending but has not yet been argued.

■    ORS 138.053(1) concerns appeals from judgments and orders in criminal actions and provides, in part:

"A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)   Imposes a sentence on conviction.

"(b)   Suspends imposition or execution of any part of a sentence.

"(c)   Extends a period of probation.

"(d)   Imposes or modifies a condition of probation or of sentence suspension.

"(e)   Imposes or executes a sentence upon revocation of probation or sentence suspension."

The state takes the position that, because the order from which defendant has appealed is not described in ORS 138.053(1)(a) through (e), it is not an appealable order, and this court lacks jurisdiction. Defendant agrees that the order is not appealable under ORS chapter 138 but argues that the court nonetheless has jurisdiction pursuant to ORS 19.205(2)(c) because the order is essentially civil in nature.

This court and the Oregon Supreme Court have addressed similar questions regarding appeals of post-judgment orders pertaining to criminal proceedings. For the reasons explained below, we agree with defendant that those cases lead to the conclusion that ORS chapter 138 does not bar his appeal.

The most recent case that has bearing on this question is *State v. K. P.*, 324 Or 1, 3, 921 P2d 380 (1996), in which a party moved to seal the records of a misdemeanor conviction following her successful service of a probationary sentence. The trial court granted the motion only in part, and the movant then appealed the court's refusal to seal all of the records. *Id.* On appeal, the court first considered whether the order was appealable, noting that it did not fall within the ambit of ORS chapter 138. The court went on to note, however, that the statute pertaining to the sealing of records was essentially civil in nature and concluded that appellate jurisdiction was conferred by *former* ORS 19.010(4), *renumbered*

*as* ORS 19.205(4), relating to appeals in "special statutory proceedings[.]" *Id.* In *K. P.*, the court relied in part on its earlier decision in *State v. Curran*, 291 Or 119, 628 P2d 1198 (1981), for the conclusion that ORS chapter 138 did not bar the appeal. In *Curran*, the defendant was convicted and sentenced for possession of a controlled substance. After his conviction, the prosecutor filed a motion for an order of forfeiture of certain property belonging to the defendant, and the trial court granted that motion. *Id.* at 121. The defendant did not appeal from his conviction and sentence but did appeal from the separate order of forfeiture. *Id.* at 124-25. The court rejected the notion that ORS chapter 138 barred the appeal, because "this is not an appeal from a judgment on a conviction," as "the defendant had already been accused, tried and sentenced upon the conviction of the offense." *Id.* at 125. The court then turned to *former* ORS 19.010(1)(c), *renumbered as* ORS 19.205(2)(c), which provides for appellate review of "[a] final order affecting a substantial right, and made in a proceeding after judgment or decree."

We reached a similar conclusion in *Moen v. Washington County*, 86 Or App 639, 740 P2d 802 (1987). In *Moen*, the mother of the criminal defendant sought the return of funds she posted as bail for her son, but the trial court denied the motion on the ground that she lacked standing. *Id.* at 642. On appeal, we concluded that, although the motion was made in a criminal case, "it was in the nature of a civil proceeding for the return of court-held funds to which she had a claim. The order finally determined the matter of releasing the security deposit to plaintiff, and it affected a substantial right." *Id.* at 643-44. Citing *Curran*, we concluded that the order was appealable under *former* ORS 19.010(2)(c), *renumbered as* ORS 19.205(2)(c).

Likewise, in *State v. Arms*, 60 Or App 400, 653 P2d 1004 (1982), *rev den* 294 Or 461 (1983), we considered the appealability of a post-judgment order in a criminal case. In *Arms*, the criminal defendant was acquitted but, after trial, was ordered by the court to pay indigent defense costs. *Id.* at 402. The defendant appealed that post-trial order, and the state argued that the order was not appealable under ORS chapter 138. We concluded that the order was appealable:

"We do not think it determinative that the obligation for which defendant was found liable arose from a criminal prosecution. She is not appealing a judgment of acquittal. She is appealing a judgment ordering her to pay money to the county. Regardless of the nature of the proceeding giving rise to the obligation, defendant is now civilly liable to the county for $168. The judgment making her liable is appealable under ORS 19.020(2)(c)."

The state argues that the forfeiture at issue in *Curran* is by nature more "civil" than the issue presented here, concerning the sealing of indigent defense records. We do not see a meaningful distinction between this case and *Curran*, *Moen*, and *Arms*. In each of those cases, a post-trial order that did not pertain to the merits of the criminal trial was appealed, and, in each instance, the appellate courts concluded that ORS chapter 138 did not bar the appeal and that *former* ORS 19.010(2), *renumbered as* ORS 19.205(2), permitted the appeal. Following the well-established precedent set by *Curran*, *Moen* and *Arms*, we conclude that the order denying defendant's "motion to seal expense motions, affidavits, orders, indigent provider's fee statements and correspondence" is the type of order that is appealable under ORS 19.205(2).

■ The state next argues that, even if ORS 19.205(2)(c) applies here, the order nonetheless is not appealable because it does not affect a "substantial right" of defendant. We disagree. Access to indigent defense records could provide a prosecutor a significant tactical advantage if a defendant's conviction is reversed on appeal and he is subjected to a retrial. From such records, the prosecutor could determine what defenses had been explored, why they had not been pursued, and similar things. We agree with defendant that a "substantial right" is involved.

■ The state also argues that defendant's appeal should be dismissed because the case is moot. The state points out that it is undisputed that the district attorney has already gained access to the records and argues that an order sealing the records will have no practical effect on the rights of the parties. *See generally Brumnett v. PSRB*, 315 Or 402, 838 P2d 1194 (1993) (if a judgment will have no practical effect on the rights of the parties, then the case is not justiciable). It is

true that the district attorney appears already to have used the disputed records in an attempt to prosecute defense counsel and an expert witness. However, we cannot infer from that fact that the district attorney will never again use the records and that no possible harm could flow from the use of the records in the future. A ruling that the district attorney should not have the records at all could certainly lead to the curtailment of the district attorney's use of the records in the future. We conclude that the controversy is justiciable.

■     On the merits, the question is whether the trial court erred in denying defendant's motion to seal the indigent defense records contained in the trial court file. ORS 135.055(3)(a) provides:

> "The person for whom counsel has been appointed is entitled to necessary and reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may upon written request, which shall not be disclosed to the district attorney *prior to conclusion of the case*, secure approval and preauthorization of payment of such expenses as are necessary and proper in the investigation, preparation and presentation of the case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents, necessary costs associated with obtaining the attendance of witnesses for the defense, expert witnesses and fees for interpreters and assistive communication devices necessary between appointed counsel and a client or witness in the case."

In the present case, the dispute is over the meaning of the phrase, "prior to the conclusion of the case." The state argues that "the case," as used in this context, means "the trial." Defendant argues that "the case" is not concluded until a final disposition is made, when a judgment becomes final. Under defendant's interpretation, "the case" is not concluded until after any direct appeal is concluded and until the conclusion of any retrial that may be required after the appeal. Neither the phrase nor the words within it are defined by statute.

■     In examining the text of a statute, we give words of common usage their "plain, natural and ordinary meaning"

unless there is textual or contextual evidence that the legislature intended some other meaning to apply. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The term "case" has many meanings, most of which are broad and most of which are inapplicable to the legal context. Even within the legal context, though, the meaning of the word is not narrow:

> "A general term for an action, cause, suit or controversy, at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. A judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected, or wrongs are prevented or redressed; *any* proceeding judicial in its nature." *Black's Law Dictionary*, 195 (5th ed 1979) (emphasis added).

The state points to no judicial opinion that has interpreted the term "case" to refer only to a trial but not to a subsequent appeal, and we are aware of none. In fact, the general usage of the term "case" in Oregon law appears to be as broad as the dictionary definition quoted above. Not only do many judicial opinions refer to a "case" on appeal, but ORS chapter 138, governing criminal appeals, also uses "case" in this manner. ORS 138.222(5) states, in part:

> "If the appellate court determines that the sentencing court, in imposing a sentence *in the case,* committed an error that requires resentencing, the appellate court shall remand *the entire case* for resentencing. The sentencing court may impose a new sentence for any conviction in *the remanded case.*" (Emphasis added.)

Clearly, ORS 138.222(5) reflects an understanding that a criminal "case" is still a "case" even if it is on appeal or remand. Similarly, ORS 138.222(6) allows for "summary disposition of *cases* arising under this section when no substantial question is presented by the appeal." (Emphasis added.) *See also* ORS 19.435 (appellate courts "may decide *cases*" by memorandum decisions).

The state's only argument that the word "case" should be interpreted to mean something other than its ordinary meaning in this context is that the reference to "the district attorney" must lead to a conclusion that the legislature

meant "trial" rather than "case" in ORS 135.055(3)(a). The state argues that, because district attorneys no longer handle criminal appeals, the reference to "case" must mean the only aspect of the case in which the district attorney is involved—the trial. The state therefore argues that "the conclusion of the case" for purposes of ORS 135.055(3)(a) occurs at the conclusion of the trial. Among the flaws in the state's argument, however, is the fact that the district attorney may well be involved in the "case" *after* it has been appealed, in the event that a retrial or further proceedings in the trial court are ordered by the appellate court. We find no textual or contextual basis for concluding that the legislature meant anything other than the common legal usage of the word "case" when it drafted ORS 135.055(3)(a).[3]

The state suggests that such an interpretation would unduly interfere with a district attorney's obligation to ferret out wrongdoing by those involved in indigent defense and that the public has a right to know how its tax dollars are being spent. We do not believe that such concerns justify interpreting the word "case" in a manner at odds with its ordinary meaning. ORS 135.055, as a whole, places the responsibility for evaluating the necessity and propriety of indigent defense expenses with courts, not with district attorneys. The legislature has chosen to place certain constraints on the use of information pertaining to indigent defense, not only by enacting ORS 135.055 but by enacting ORS 151.495, pertaining to the confidentiality of indigent expense information obtained by the State Court Administrator. Although it is possible that such records could contain information that would assist a prosecutor in prosecution of a crime, so might many other sources that are protected by law from the eyes of the prosecutor. In any event, the ORS 135.055(3)(a) constraint on the prosecutor's use of the information is not absolute but is narrowly drawn to protect the rights of the indigent criminal defendant until the "case" is concluded.

We hold that the trial court erred in denying defendant's motion to seal the indigent defense expense records until the conclusion of the case.

---

[3] *Accord State v. Hunt,* 161 Or App 338, 343-44, 985 P2d 832 (1999) (discussing meaning of the term "case").

Reversed and remanded with instructions to grant defendant's motion to seal expense motions, affidavits, orders, indigent provider's fee statements and correspondence.