Argued and submitted January 27, reversed and remanded July 7, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# LISA ANN HUNT,
*Respondent.*

## (9702-0351M; CA A98861)

985 P2d 832

Rolf C. Moan, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

In this criminal case, the state appeals from a pretrial order dismissing charges against defendant. ORS 138.060(1). We reverse and remand.

In December 1995, defendant encountered three persons—Susan Rosenbaum, Amy Manasco, and Phaedra Epstein—while they were riding horses in her field. It is alleged that, during that meeting, defendant was upset about a dog that was accompanying the riders and twice fired a handgun in their direction. The first bullet hit the ground somewhere close to the dog, and the second landed near Rosenbaum after she had fallen to the ground because her horse had startled at the sound of the first gunshot and bucked her off.

Initially, the state filed an information charging defendant with reckless endangerment, ORS 163.195, and with pointing a firearm at another person. ORS 166.190. In that information, the state named Rosenbaum as the only victim. Because the state failed to declare effectively its intent to treat those charges as misdemeanors, the trial court determined that, under *former* ORS 161.565(2),[1] the offenses must be treated as violations. *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996). The state then filed an *ex parte* motion to dismiss, which the trial court granted. Two days later, the state refiled the same case, under the same case number. Defendant moved to dismiss that charge. The trial court denied defendant's motion because defendant "had no legal basis to challenge the [*ex parte*] motion and order[,]" but, on its own motion, the court

"dismisse[d] both offenses * * * for the reasons that:

"1.) the charges pending are classified as violations and have been so classified since the first appearance of the Defendant, as provided by ORS 161[.]565(2),

---

[1] This case concerns the 1995 version of ORS 161.565(2). In 1997, the legislature amended that statute to state that a misdemeanor charge will proceed as a misdemeanor unless the prosecutor declares on the record the intention to treat the offense as a violation.

"2.)   the charges were dismissed by the State upon its motion dated December 2, filed December 4, and the Court's order entered December 6, four days prior to trial, while Defendant was represented by counsel of record, and, guided by ORS 136.120 and 136.130 this Court deems it justice to conclude that the dismissal is a bar to another action for either of the same offenses which were not then either a felony or a Class A misdemeanor, and

"3.)   once so dismissed December 6, 1996, the charges as violations were barred from further prosecution by the time limitation of ORS 131.125(5)(c) relating to such offenses."[2]

Fourteen months later, the state filed another information that again charged defendant with reckless endangerment, but the information charged defendant with endangering Manasco and Epstein, not Rosenbaum. The trial court subsequently dismissed that information on the ground that is was barred by the statute of limitations of ORS 131.125(5)(c) (1995). The court based its decision on two factors. First, it concluded that the Manasco/Epstein information charged the "the same conduct" related in the Rosenbaum information. The court then reasoned that its earlier decision to treat the Rosenbaum case as a violation compelled the same treatment as to the Manasco/Epstein case because, for purposes of ORS 161.565(2), it was defendant's *conduct* that "was rendered a violation." Therefore, the court concluded, the Manasco/Epstein case must also proceed as a violation. Because more than six months had elapsed since the commission of the alleged offenses, the court ordered that case dismissed under ORS 131.125(5)(c). The state appeals from that order.

The sole issue here requires that we construe ORS 161.565(2) to determine whether the "declaration" requirements of that statute relate to the conduct of the accused or merely concern the charged offense. In its single assignment of error, the state argues for the latter construction.[3] We agree with the state.

---

[2] We express no opinion about the correctness of the court's ruling.

[3] Defendant contends that, because the state failed to raise certain arguments to the trial court, it may not raise them here. Specifically, defendant asserts that, in construing ORS 161.565(2), we may not consider the meaning of the word "offense" as used in ORS 132.560(1)(b)(B) because the state failed to rely on that statute as contextual evidence of legislative intent at the hearing on defendant's

■ Preliminarily, defendant urges that the doctrine of issue preclusion bars appellate review of this case. *See* ORS 43.160 (codifying doctrine); *see also State v. Dewey,* 206 Or 496, 504-09, 292 P2d 799 (1956) (applying doctrine to criminal case). Specifically, defendant contends that, in dismissing the Rosenbaum case, the trial court ruled on the issue presented here, which, according to defendant, is that " 'offenses' refers to conduct, not particular charges." Therefore, defendant contends that, because the state failed to appeal the dismissal of the Rosenbaum case, it is barred from raising that issue here as it applies to the Manasco/Epstein case.

■ Fundamentally, the principle of issue preclusion requires first that the issue in the two proceedings is *identical. See Dewey,* 206 Or at 505 (the record must show that "the precise question was raised and determined in the former suit") (internal quotation and citation omitted). Here, that requirement is not met. The issue raised and determined in the Rosenbaum case was whether the state's failure to declare its intent to prosecute defendant's offenses against Rosenbaum as misdemeanors prevented it from subsequently treating defendant's offenses against *Rosenbaum* as misdemeanors. Here, the issue is whether that initial failure precludes the state from prosecuting defendant's offenses against *Manasco* and *Epstein* as misdemeanors. Because those issues are distinct, the state is not collaterally estopped from raising that issue here.[4]

---

motion to dismiss. Similarly, defendant also claims that, at that hearing, the state failed to argue "the issue of the meaning of the word 'case' to the trial court." We reject defendant's preservation arguments.

As defendant points out, at the hearing below the state challenged the trial court's interpretation of ORS 161.565(2) as it applied in the context of the Manasco/Epstein case, which is the same legal issue the state asserts here. Therefore, the state preserved its right to appellate review of that question. Because the state properly preserved its legal issue, how that issue is resolved here does not depend on the specific arguments raised below. *Stull v. Hoke,* 326 Or 72, 77, 948 P2d 722 (1997).

[4] Alternatively, defendant also urges that "the state waived any objection to the classification of [defendant's] conduct as violations" because it did not object to the trial court's order in the Rosenbaum case. However, in that case, the trial court did not determine that ORS 161.565(2) extended to defendant's conduct in general, but, rather, was limited to the conduct alleged in the information:

"This Court concludes * * * that the plain meaning [of ORS 161.565(2)] is the conduct by a specified defendant *in a particularly alleged instance, not such*

In construing a statute, our goal is to discern the intent of the legislature, examining first the text and context of the statute because a statute's wording "is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). As relevant here, context includes other provisions of the same statute and related statutes. *Id.* at 610-11. If, after examining the text and context of a statute, the legislature's intent is clear, then our analysis ends. *Id.*

Here, ORS 161.565(2) unambiguously reflects a legislative intent to limit the statute's effect only to the charged offense. Turning to the relevant text, ORS 161.565(2) provides:

> "If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case, and the offense, for purposes of the case, shall thereafter be treated as a violation subject to a fine as provided in ORS 161.635 for violations."

Read simply and completely, it is difficult to construe the effect of that phrase as extending beyond the case at hand and certainly not to the accused's conduct in general. It refers only to a single case and a single offense, its redundant phrasing—"the offense in the case, and the offense, for purposes of the case"—emphasizes its limitations and it noticeably does not use terms like "conduct" or "same criminal episode," which the legislature knows how to use when it so chooses. *See, e.g.,* ORS 131.515(2); ORS 131.505(4); ORS 161.062(1); ORS 161.067(2). Moreover, other related statutes make clear that an offense is not synonymous with conduct but rather is defined by whether a punishment is statutorily permitted. *See* ORS 161.505 ("An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided[.]"); ORS 161.062(2) ("When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately

---

*conduct generally,* is declared to be a violation rather than a misdemeanor[.]" (Emphasis added.)

Because the court did not make the finding that defendant's conduct in general was to be classified as a violation until its ruling in the Manasco/Epstein case, the state was not precluded by waiver from objecting to that determination on appeal.

punishable offenses as there are victims."). Therefore, the only reasonable conclusion to draw from the text of ORS 161.565(2) is that the legislature intended to limit the declaration requirements to the charged offense and not to the conduct from which the offense arose. To construe the statute otherwise would require that we ignore the language used and to insert language that has been omitted.[5] That we may not do. ORS 174.010. The trial court erred in concluding otherwise.

Order dismissing charges against defendant involving Manasco and Epstein reversed and remanded.

---

[5] *Accord State v. Cunningham,* 161 Or App 345, 985 P2d 827 (1999) (discussing meaning of the term "case").