Argued and submitted May 30, 2012, appeal dismissed January 9, petition for review denied June 20, 2013 (353 Or 747)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STRESSLA LYNN JOHNSON,
aka Ira Roscoe Sheppard,
*Defendant-Appellant.*

Multnomah County Circuit Court
871035653, 880431573;
A143211 (Control), A143212

295 P3d 677

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Ortega, Judge, and Brewer, Judge pro tempore.*

SERCOMBE, P. J.

* Ortega, J., *vice* Wollheim, J.

**SERCOMBE, P. J.**

In 1993, defendant in this consolidated case entered a plea agreement pursuant to which he pleaded no contest to two counts of murder. Based on his plea, he was convicted on those counts and sentenced to concurrent life sentences. Then, in 2007, defendant filed a motion requesting DNA testing pursuant to ORS 138.690. The trial court entered an order denying the motion, concluding that the terms of the plea agreement barred defendant from "seeking new evidence through DNA testing under ORS 138.690." Defendant appeals, asserting that the terms of the plea agreement do not prevent him from seeking DNA testing pursuant to ORS 138.690 and that, even if the plea agreement barred his motion, enforcement of the agreement to deny him DNA testing violates due process. In response, the state first asserts that the trial court's order denying DNA testing is not appealable and that, therefore, this court lacks jurisdiction and should dismiss the appeal. In addition, the state contends that defendant's arguments fail on their merits. We agree with the state that the trial court's order denying DNA testing is not appealable and, accordingly, dismiss the appeal.

For context, we begin by briefly discussing the statutory procedure for obtaining post-conviction DNA testing. A person who is incarcerated "as the result of a conviction for aggravated murder or a person felony" or who is "not in custody but has been convicted of aggravated murder, murder or a sex crime" may file "in the circuit court in which the judgment of conviction was entered a motion requesting the performance of DNA *** testing on specific evidence." ORS 138.690. The motion must be supported by an affidavit, ORS 138.692(1)(a),[1] and the person seeking testing

---

[1] ORS 138.692(1)(a) provides that the affidavit must:

"(A)(i) For a person [who is incarcerated as] described in ORS 138.690(1), contain a statement that the person is innocent of the offense for which the person was convicted or of the conduct underlying any mandatory sentence enhancement; or

"(ii) For a person [who is not in custody as] described in ORS 138.690(2), contain a statement that the person is innocent of the offense for which the person was convicted;

"(B) Identify the specific evidence to be tested and a theory of defense that the DNA testing would support. The specific evidence must have been secured in

"must present a prima facie showing that DNA testing of the specified evidence would, assuming exculpatory results, establish the actual innocence of the person" of the crime of conviction or conduct that formed the basis for a mandatory sentence enhancement, ORS 138.692(1)(b). Pursuant to ORS 138.692(2), the court

"shall order the DNA testing requested in a motion under subsection (1) of this section if the court finds that:

"(a) The requirements of subsection (1) of this section have been met;

"(b) Unless the parties stipulate otherwise, the evidence to be tested is in the possession of a city, county, state or the court and has been subject to a chain of custody sufficient to establish that the evidence has not been altered in any material aspect;

"(c) The motion is made in a timely manner and for the purpose of demonstrating the innocence of the person of the offense or of the conduct and not to delay the execution of the sentence or administration of justice; and

"(d) There is a reasonable possibility that the testing will produce exculpatory evidence that would establish the innocence of the person of:

"(A) The offense for which the person was convicted; or

"(B) Conduct, if the exoneration of the person of the conduct would result in a mandatory reduction in the person's sentence."

The statute provides for the court to appoint counsel to represent a person seeking DNA testing,[2] and provides that "the court shall appoint the attorney originally appointed to represent the [defendant] in the action that resulted in

connection with the prosecution, including the investigation, that resulted in the conviction of the person; and

"(C) Include the results of any previous DNA test of the evidence if a previous DNA test was conducted by either the prosecution or the defense."

[2] The court may appoint counsel at state expense when the person seeking DNA testing files an "affidavit of eligibility for appointment of counsel at state expense." ORS 138.694(1)(a). The person must also file an affidavit stating, among other things, that he or she "meets the criteria for ORS 138.690(1)," and is innocent of the charge of conviction or the "conduct that resulted in a mandatory sentence enhancement." ORS 138.694(1)(b).

the conviction unless the attorney is unavailable." ORS 138.694(3). If the court grants a motion for DNA testing, and the testing "produces inconclusive evidence or evidence that is unfavorable to the person requesting the testing," the court must forward the results to "the State Board of Parole and Post-Prison Supervision" and the "Department of State Police shall compare the evidence to DNA evidence from unsolved crimes in the Combined DNA Index System." ORS 138.696(1). However, if the DNA testing

> "produces exculpatory evidence, the person who requested the testing may file in the court that ordered the testing a motion for a new trial based on newly discovered evidence. Notwithstanding the time limit established in ORCP 64 F, a person may file a motion under this subsection at any time during the 60-day period that begins on the date the person receives the test results."

ORS 138.696(2). "Upon receipt of a motion [for a new trial] filed under [ORS 138.696(2)] and notwithstanding the time limits in ORCP 64 F, the court shall hear the motion." ORS 138.696(3).

As noted, in this case defendant filed a motion seeking DNA testing as provided in ORS 138.690. However, the court denied the motion, concluding that defendant could not seek such testing pursuant to the terms of a plea agreement into which he had entered. The issue we must address is whether the court's order denying post-conviction DNA testing is appealable.

"To exist, the right of appeal must be conferred by a statute." *State v. K. P.*, 324 Or 1, 4, 921 P2d 380 (1996). In the absence of such a statute, we have no jurisdiction to consider an appeal and "may not reach any substantive issues presented." *Id.* Here, as discussed above, ORS 138.690 to 138.698 set forth the procedure for post-conviction DNA testing. However, those statutes do not specifically address whether a defendant may appeal an order denying a motion for post-conviction DNA testing filed pursuant to ORS 138.690. Thus, the issue is whether there is any other statutory source for an appeal by defendant in this case. As the state observes, in the absence of a provision relating to appeal in the post-conviction DNA statutes,

"[t]o exist, * * * the authority for an appeal must be found in one of three other potential sources: ORS 138.650 (post-conviction relief); ORS 138.040 (direct criminal appeals)"; or ORS 19.205 (generally applicable to civil appeals).

We initially observe that ORS 138.650, by its terms, does not apply to the circumstances presented in this case. It specifically provides that either party "may appeal to the Court of Appeals within 30 days after the entry of a judgment on a petition [for post-conviction relief] pursuant to ORS 138.510 to 138.680." ORS 138.650(1). Because the statutes setting forth the procedure for obtaining post-conviction DNA testing are not among those listed in ORS 138.650, that statute does not provide a basis for appeal.

Furthermore, the statutes relating to criminal appeals do not apply to the order denying defendant's motion for DNA testing. Pursuant to ORS 138.040(1), a "defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053."[3] ORS 138.053(1), in turn, provides that

"[a] judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction.

"(b) Suspension of imposition or execution of any part of a sentence.

"(c) Extension of a period of probation.

"(d) Imposition or modification of a condition of probation or of sentence suspension.

"(e) Imposition or execution of a sentence upon revocation of probation or sentence suspension."

Thus, pursuant to ORS 138.053(1), "only post-judgment orders that impose a sentence, suspend imposition or

---

[3] Likewise, ORS 138.050, which addresses appeals in cases where the defendant has pleaded guilty or no contest, provides that a defendant in such a case may "take an appeal from a judgment or order *described in ORS 138.053*" when the defendant makes a colorable showing that the disposition exceeds the maximum allowable by law or is unconstitutionally cruel or unusual. (Emphasis added.)

execution of a sentence, or affect probation can be appealed." *State v. Hart*, 188 Or App 650, 653, 72 P3d 671, *rev den*, 336 Or 126 (2003). The order denying defendant's motion for DNA testing does not fit into any of those categories and, therefore, cannot be appealed under ORS 138.053.

Finally, we turn to the question whether the order in this case is appealable pursuant to ORS 19.205. Specifically, the issue is whether either ORS 19.205(3) or (5) authorize an appeal of the order in this case. ORS 19.205(3) provides:

> "An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."

Although ORS 19.205 generally applies to civil appeals, this court and the Supreme Court have applied it, under certain circumstances, in some cases that were not technically civil. For example, in *State v. Cunningham*, 161 Or App 345, 348, 985 P2d 827 (1999), we considered whether a post-judgment order denying the defendant's motion to seal court records pertaining to indigent defense expenses was "essentially civil in nature" and, therefore, appealable under ORS 19.205 as an order after judgment affecting a substantial right. In that case, we observed that the post-trial order "did not pertain to the merits of the criminal case" and concluded that it was appealable under ORS 19.205.[4] 161 Or App at 350.

In *Moen v. Washington County*, 86 Or App 639, 740 P2d 802 (1987), a mother sought to appeal the trial court's denial of her motion for the return of funds she had posted to secure the appearance of her son in a criminal case. We concluded that, although the motion was made "in a criminal proceeding, it was in the nature of a civil proceeding for the return of court-held funds to which she had a claim." *Id.*

---

[4] We observe that the version of the statute at issue in *Cunningham* provided for appellate review of a "final order affecting a substantial right, and made in a proceeding after judgment or decree." 161 Or App at 349 (internal quotation marks omitted). Here, in contrast, the statute specifically refers to an order made after a "general judgment." Although the terminology of limited, general, and supplemental judgments does not apply in criminal cases, *see* ORS 18.038(2)(b), we nonetheless consider the applicability of the statute in light of case law treating certain post-judgment orders in criminal cases as essentially civil in character.

at 643-44. Accordingly, we concluded that the trial court's order was appealable under the civil appeal statute as a post-judgment order affecting a substantial right. Similarly, in *State v. Arms*, 60 Or App 400, 402, 653 P2d 1004 (1982), *rev den*, 294 Or 461 (1983), an order requiring the defendant to pay indigent defense costs after she was acquitted in a criminal case was appealable pursuant to the civil appeal statute as it made her "civilly liable to the county." *See also State v. Curran*, 291 Or 119, 628 P2d 1198 (1981) (concluding that post-conviction order of forfeiture of certain property was appealable as an order affecting a substantial right made after judgment).

Here, however, in contrast to those cases, the order in question is not essentially civil in character and instead does, in the end, relate to the merits of the criminal case. The purpose of such DNA testing is to enable a convicted person to establish his or her innocence of the offense of conviction (or that led to a mandatory sentence enhancement). In the affidavit seeking such testing, the defendant must swear that he or she is "innocent of the offense for which the person was convicted or of the conduct underlying any mandatory sentence enhancement," ORS 138.692(1)(a)(A)(i), and the court shall grant the motion if, among other things, it concludes that there "is a reasonable possibility that the testing will produce exculpatory evidence that would establish the innocence of the person of" the offense that resulted in the conviction or the conduct that led to the mandatory sentence enhancement, ORS 138.692(2)(d). The defendant brings the motion seeking DNA testing as a post-judgment motion in the court that entered the convictions and, as provided in ORS 138.694(3), the court, if possible, appoints the same attorney to represent the defendant as did so in the criminal trial. Furthermore, and most importantly, where a defendant obtains DNA testing and that testing produces exculpatory evidence, that defendant is entitled to seek to overturn the original convictions and obtain a new trial in the criminal case. *See* ORS 138.696(2) - (3). Because of the way the statutory scheme works, we conclude that the post-judgment motion for DNA testing relates directly to the merits of the criminal convictions and is, therefore, not "essentially civil in nature." Thus, we conclude

that the order in this case is not appealable pursuant to ORS 19.205(3).

For similar reasons, we also conclude that the order denying defendant's motion for DNA testing is not appealable as a special statutory proceeding under ORS 19.205(5), which provides that

"[a]n appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment or order entered in an action, unless appeal is expressly prohibited by the law authorizing the special statutory proceeding."

"[S]eparateness is a necessary attribute of a 'special statutory proceeding.'" *State v. Threet*, 294 Or 1, 5, 653 P2d 960 (1982). Thus, the concept of a special statutory proceeding does not apply where there is a "strong dependent relationship between the subject matter of * * * two proceedings and a strong logical reason for viewing them as inseparable for purposes of appeal." *State v. Branstetter*, 332 Or 389, 398, 29 P3d 1121 (2001). However, under appropriate circumstances, certain proceedings that formally depend on the existence of a criminal proceeding may, nonetheless, be special statutory proceedings. Thus, in *Branstetter*, the court considered whether a defendant could appeal a trial court order that forfeited certain animals he owned. The requirement that a special statutory proceeding be separate, the court explained, is functional, and, even where proceedings are formally related with each other, the central question is the relationship between the two proceedings. With respect to the forfeiture proceeding at issue in that case, the court explained that, although the proceeding

"formally depends on a criminal action for its existence in that it can go forward only if a criminal action of a specified sort is pending, that kind of forfeiture proceeding does not arise out of the criminal action, resolve any controversy in the criminal action, or otherwise affect or depend on the substance of the criminal action."

*Id.* at 398-99. Accordingly, the court concluded that the forfeiture order was appealable as arising from a special statutory proceeding.

In contrast, in *Hart*, we considered the defendant's argument that an order denying his motion to correct the judgment in his case was appealable as a special statutory proceeding. We observed that a "motion to correct a judgment arises directly out of the criminal action; it is, as the legislature stated * * *, directed to the 'sentencing court.'" 188 Or App at 654 (quoting ORS 138.083(1)). Furthermore, the "motion seeks to resolve a controversy in the criminal action—whether the judgment in the criminal action is erroneous" and "seeks to affect the substance of the underlying criminal action." *Id.* at 654-55. Thus, we concluded that the motion in question was "intimately bound up with" the underlying criminal proceeding and was not appealable as a special statutory proceeding. *Id.* at 655.

Here, as discussed above and as in *Hart*, a motion for DNA testing is intimately bound up with the underlying criminal proceeding. The motion is filed with the same court, and a defendant will, ideally, be represented by the same attorney. The purpose of the proceeding is to allow the defendant to obtain evidence of his innocence of the conduct in question and, ultimately, to set aside the convictions and obtain a new trial in the case. Thus, we conclude that an order denying a post-conviction motion for DNA testing is not appealable as a special statutory proceeding pursuant to ORS 19.205(5).

Because neither the statutory scheme addressing post-conviction DNA testing (ORS 138.690 - 138.698) nor the other more general appeal statutes make an order denying a motion for DNA testing appealable, we are without jurisdiction to consider defendant's appeal in this case.

Appeal dismissed.