Submitted June 29, affirmed August 19, 2015, petition for review denied January 14, 2016 (358 Or 529)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**KENNETH JOHN THUNDERBIRD,**
aka Kenneth John Johnson,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR9501905; A154892

359 P3d 392

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant, who was convicted in 1996 of numerous sexual offenses,[1] appeals a trial court order denying his motion under ORS 138.690 to 138.698 for DNA testing. Under that statutory scheme, an eligible defendant—including, as relevant here, a person who is incarcerated in a Department of Corrections institution as the result of a conviction for a "person felony"—can file a motion "requesting the performance of DNA *** testing on specific evidence." ORS 138.690(1). The motion must be supported by an affidavit, ORS 138.692(1)(a), and the affidavit must, among other requirements, "[i]dentify the specific evidence to be tested and a theory of defense that the DNA testing would support. The specific evidence must have been secured in connection with the prosecution, including the investigation, that resulted in the conviction of the person." ORS 138.690(1)(a)(B). The person must also "present a prima facie showing that DNA testing of the specified evidence would, assuming exculpatory results, establish the actual innocence of the person" of the offense of conviction or of conduct, if the exoneration of the person of that conduct would result in a mandatory reduction of the person's sentence. ORS 138.692(1)(b). The court is required to order the DNA testing requested in the motion if it finds, among other things, that "the requirements of subsection (1) of [ORS 138.692] have been met." ORS 138.692(2).

Here, defendant states in his affidavit, "I have identified within [the] subject motion the specific evidence to be tested which the DNA testing would support a defense theory that I was not the malefactor." The subject motion, in turn, requests an order for the performance of DNA testing "on the specified evidence of: *bodily fluids, sperm, reproductive cells, saliva.*" (Emphasis added.) That is insufficient to satisfy the requirements of subsection (1) because, rather

---

[1] Defendant was convicted of multiple counts of first-degree sodomy, first-degree sexual abuse, first-degree sexual penetration with a foreign object, and first-degree rape, and was sentenced to serve 460 months in prison. The court found, as aggravating factors, that the victims were particularly vulnerable due to their age, that defendant was their step-grandparent, and that there were multiple victims. Defendant also was convicted of two counts of endangering the welfare of a minor and one count of coercion.

than identify the "specific evidence" "secured in connection with the prosecution" that defendant seeks to have tested, ORS 138.692(1)(a)(B), defendant identified substances and genetic material that, *if found on or in items of such evidence,* could be subjected to DNA testing that would bear on innocence. In other words, as the state contends, the genetic materials identified by defendant—bodily fluids, sperm, reproductive cells, and saliva—are not, themselves, specific items of evidence under the statute, at least not based on the record created by defendant in support of his motion in this case.[2] Thus, defendant has not satisfied the requirements of ORS 138.692(1)(a)(B); accordingly, the trial court did not err in denying his motion.

Affirmed.

---

[2] Defendant did not, for example, identify where that genetic material was located, such as in or on clothing or other materials collected as evidence in the case. It is possible that—assuming the other requirements of the statute are satisfied, a proposition that we expressly do not decide—a more developed request *could* provide a basis for DNA testing under the statute. The statutory scheme allows defendants to request appointment of counsel to assist them in pursuing motions for DNA testing, *see* ORS 138.694, but defendant did not request that.