Submitted August 18, 2015, affirmed April 13, petition for review denied
October 20, 2016 (360 Or 465)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLEN JUNIOR COUCH,
*Defendant-Appellant.*

Lane County Circuit Court
109705024; A154912

371 P3d 1240

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

**DE MUNIZ, S. J.**

Defendant filed a motion in 2011 seeking DNA testing and the appointment of counsel. Defendant's motion was denied in 2012, and he appeals. For the reasons set forth below, we affirm the trial court's order.

The facts are undisputed for the purposes of this appeal. In 1997, defendant pleaded guilty to kidnapping in the first degree, unlawful sexual penetration in the first degree, rape in the first degree, and sexual abuse in the first degree. For those crimes he was sentenced to 240 months in prison. In 2011, defendant, who was *pro se*, filed a motion for DNA testing and the appointment of counsel under ORS 138.690 (2011) and ORS 138.694 (2011).[1] Defendant's motion was denied in 2012, on the ground that he was "not eligible for post-conviction testing" under ORS 138.690(1). Defendant appealed that order. However, that appeal was dismissed in accordance with *State v. Johnson*, 254 Or App 447, 455, 295 P3d 677, *rev den*, 353 Or 747 (2013), in which this court held that an order denying a motion for DNA testing was not an appealable order.

In response to *Johnson*, the legislature enacted ORS 138.697 in 2013, authorizing appeal to the Court of Appeals of trial court orders or judgments denying or limiting DNA testing under ORS 138.692, denying the appointment of counsel under ORS 138.694, or denying a motion for a new trial under ORS 138.696. As subtext to ORS 138.697 (2013), the legislature also established a 90-day window permitting defendants previously denied DNA testing or the appointment of counsel to appeal from those orders.[2] In August 2013, defendant timely appealed from the 2012 order denying his request for post-conviction DNA testing and the appointment of counsel.

---

[1] The statutes governing post-conviction DNA testing, ORS 138.690 to 138.698, have since been amended. *See* Or Laws 2013, ch 152; Or Laws 2015, ch 564. Unless otherwise noted, we apply the 2011 version of the statutes in this opinion.

[2] *See* Or Laws 2013, ch 152, § 2 ("Notwithstanding section 1(3) of this 2013 Act, if the circuit court has entered a final order or judgment described in section 1(1) or (2) of this 2013 Act before the effective date of this 2013 Act, a party may appeal to the Court of Appeals as provided in section 1 of this 2013 Act not later than 90 days after the effective date of this 2013 Act.").

In this appeal, defendant argues that he is entitled to post-conviction DNA testing and the appointment of counsel because he is a person "incarcerated in a Department of Corrections institution as the result of a conviction for aggravated murder or a person felony as defined in the rules of the Oregon Criminal Justice Commission." ORS 138.690(1). "Person felon[y]" is defined in OAR 213-003-0001 by reference to specific statutory provisions and includes the crimes that the defendant pleaded guilty to, specifically, kidnapping in the first degree, unlawful sexual penetration in the first degree, rape in the first degree, and sexual abuse in the first degree. According to defendant, his incarceration within a Department of Corrections institution and his convictions for the above described person felonies, are sufficient to qualify him for post-conviction DNA testing and the appointment of counsel. We disagree.

A defendant filing a motion for DNA testing must support the motion with an affidavit that satisfies the criteria listed in ORS 138.692. The affidavit must (1) contain a statement "that the person is innocent of the offense for which the person was convicted or of the conduct underlying any mandatory sentence enhancement;" (2) identify the specific evidence to be tested; and (3) identify a theory of defense that DNA testing would support. ORS 138.692(1)(a). Defendant must also present a *prima facie* showing that DNA testing would establish the defendant's actual innocence. ORS 138.692(1)(b). To qualify for the appointment of counsel under ORS 138.694, a defendant must include a completed affidavit of eligibility and an affidavit stating that the defendant is innocent of the charge or innocent of the conduct that resulted in a mandatory sentence enhancement, that the identity of the perpetrator was at issue in the original prosecution, and that the defendant is without sufficient funds and assets to hire an attorney.

In *State v. Thunderbird*, 273 Or App 256, 257, 359 P3d 392 (2015), *rev den*, 358 Or 529 (2016), the defendant appealed from an order denying his motion for DNA testing under ORS 138.690 to 138.698. In affirming the trial court's order, the court commented that, under the integrated statutory scheme, the defendant's motion for DNA testing needed to be supported by an affidavit identifying the

specific evidence to be tested, a defense that DNA testing would support, and a *prima facie* case that "DNA testing of the specified evidence would, assuming exculpatory results, establish the actual innocence of the person." *Id.* Although, in *Thunderbird*, the defendant identified in his motion the substances and genetic material that could be subjected to DNA testing, his motion did not "identify the 'specific evidence' secured in connection with the prosecution" that he was required to produce under ORS 138.692. *Id.* at 257-58. Accordingly, the trial court did not err in denying the defendant's motion.

Here, as in *Thunderbird*, defendant failed to meet the relevant statutory requirements. Defendant's motion for DNA testing did not include an affidavit that contained (1) a statement that he was innocent of the crimes for which he had been convicted; (2) a description of the specific evidence to be tested; or (3) a defense theory of the case. As to the appointment of counsel, the motion was not supported by an affidavit averring that defendant was innocent of the charge or innocent of the conduct that resulted in a mandatory sentence enhancement, or that the identity of the perpetrator was at issue in the original prosecution, as required under ORS 138.694.

Because defendant did not satisfy the statutory requirements, we affirm the trial court's order denying defendant's motion for DNA testing and the appointment of counsel.

Affirmed.