[No. 20379. Department One. August 5, 1927.]

VICTOR BECKMAN, *Appellant*, v. SARA C. BRICKLEY *et al.*, *Respondents*.[1]

[1] FRAUDS, STATUTE OF (17)—REAL PROPERTY—STANDING TIMBER—CONTRACT FOR SALE. A contract for the sale of standing timber is within the statute of frauds relating to the sale of lands and must·be in writing.

[2] SAME (17, 43)—REAL PROPERTY—TIMBER—CONTRACTS IN PART WITHIN STATUTE. Where a written contract for the sale of standing timber does not fix the time for its removal, which is orally agreed upon by the parties, it is unenforcible under the statute of frauds as a contract for the sale of an interest in land which was partly oral and partly in writing.

[3] CONTRACTS (4)—REQUISITES—MUTUALITY OF OBLIGATION. A contract for the sale of standing timber is void for want of mutuality, and revocable at any time, where it contained. provisions to the effect that the logs were to be scaled and accounted for before removal from the premises, that payments were to be made at the time of scaling, and continuance of the contract to be dependent upon the first payment, indicating that the title was not to pass until after severance and payment; and that the contract contained no direct promise by the purchaser to sever or remove the timber, uncoupled with an interest.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 11, 1926, dismissing an action for breach of contract, upon sustaining a demurrer to the complaint. Affirmed.

*S. Edelstein*, for appellant.

*Randall & Danskin* and *Robert H. Elder*, for respondents.

FULLERTON, J.—In this action, the appellant, Beckman, sought to recover against the respondents, Brickley and Carl, for a breach of contract. A general demurrer was interposed and sustained to his complaint,

[1]Reported in 258 Pac. 488.

following which, on his election to stand thereon, a judgment of dismissal was entered.

The contract, upon which action is founded, reads as follows:

"This agreement made and entered into this, the 26th day of October, 1924, by and between: Sarah C. Brickley, of the County of Spokane, Washington, Party of the First Part, and Victor Beckman and Alfred Johnson, to be known as the firm of Beckman & Johnson, of the County of Spokane, Washington, Parties of the Second Part.   Witnesseth:

"That the said party of the first part is the owner of the following described timber land, to-wit: situated in Latah County, Idaho, and described as follows: Lot four (4) of Section eighteen (18) Township Forty-two (42) North Range one (1) East of the Boise Meridian, and the S. E. ¼ of the S. E. ¼ of Section thirteen (13) and the N. E. ¼ of the N. E. ¼ of Section Twenty-four (24) Township Forty-two (42) North Range one (1) west of the Boise Meridian.

"That the said party of the First Part sells and conveys unto the said parties of the Second Part all of the White Pine Timber and trees now standing and growing on the said above described land with authority to enter into and upon said land with the right to cut and log off or remove therefrom said timber so cut and the said Parties of the Second Part are to build and construct at their own expense all roads, conduits necessary to remove the timber therefrom and to burn, remove or otherwise dispose of the limbs, boughs and debris as may be required by Law or the Forest Reserve rules.   That the said timber or logs to be first scaled and accounted for by the said parties of the Second Part.

"In consideration of the above the said parties of the Second Part agree and bind themselves to pay for and to the said party of the First Part, the sum of Seven Dollars ($7.00) per thousand for said timber for the first Four hundred thousand feet and above that amount the said parties of the second part agree to pay to said party of the first part at the rate of

Seven dollars and fifty cents per thousand ($7.50). It is further agreed that after the cutting, scaling of said timber and the delivery of the same to the Potlatch Lumber Company, or other Company, then the first check to the extent of the amount due and coming to the said party of the first part is to be paid to her and if the said amount that may be due and owing the first 400,000 feet of lumber is paid for as herein provided, then the said party of the first part agrees that this contract may continue as to the balance of the timber on said land, White Pine all of which is to be paid for promptly as herein provided. That said payments are to be made at the time of the scaling of each two hundred thousand.''

The complaint, in addition to setting out the contract, alleged that, at the time of its execution, the weather conditions were such as to prevent successful logging operations until the following spring; that this fact was well known to all of the parties, whereupon they mutually orally agreed, as part of the contract, that such logging operations should be commenced on or about May 15, 1925, and should thereafter be diligently prosecuted until all of the timber was removed. It is then alleged that, prior to May 15, 1925, the appellant contracted to sell the logs to be removed from the land to the Potlatch Lumber Company, at a price of twenty dollars per thousand feet, delivered at Bovil, in the state of Idaho, and that on May 16, 1925, he entered into a contract with certain named persons to log the timber and deliver the logs at the place named for eight dollars twenty-five cents per thousand feet; that, when the contractors started their preparations for removing the timber, they found the timber in the possession of another person, to whom the respondents had sold it, and who then were actively engaged in removing the timber; and that he and his contractors were prevented from entering upon the land and pre-

vented from logging and removing the timber. It is then alleged that there was 1,900,000 feet of timber upon the tract; that, had the appellant been permitted to log the tract, he would have made a profit of $4.75 on the first 400,000 feet of such timber and a profit of $4.25 on the remainder, a total of $8,275. The complaint contains the further allegation, that the co-contractor of the plaintiff, prior to the commencement of the action, sold and assigned to the appellant, for a valuable consideration, all of his right, title and interest in the contract.

[1] The record does not disclose the grounds upon which the trial court rested its judgment. There would seem, however, to be two such grounds, upon either of which its ruling must be sustained. The first is that the contract is within the statute of frauds. Standing timber, under the rule as we have heretofore announced it, partakes of the realty, and any enforceable contract for its removal must be in writing. *Engleson v. Port Crescent Shingle Co.*, 74 Wash. 424, 133 Pac. 1030; *Cushing v. Monarch Timber Co.*, 75 Wash. 678, 135 Pac. 660, Ann. Cas. 1914C 1239; *France v. Deep River Logging Co.*, 79 Wash. 336, 140 Pac. 361, Ann. Cas. 1916A 238.

[2] It is our rule, also, that a contract, partly in writing and partly oral, is an oral contract. *Crouch v. Forbes*, 63 Wash. 564, 116 Pac. 14; *Cushing v. Monarch Timber Co., supra; Campbell v. Weston Basket & Barrel Co.*, 87 Wash. 73, 151 Pac. 103. The contract here in question is in part in writing and in part oral. The time within which the timber was to be removed was an essential part of the contract. Being essential, and not being expressed in the writing, it rendered the contract subject to the parol rule, and void because not in writing.

We have not overlooked the argument of the appellant to the effect that the contract is, with respect to time of performance, complete of itself. It is the rule, no doubt, that, where a contract is silent as to the time of performance, a reasonable time for performance is contemplated, and is read into the contract as an implied condition. But the complaint, in this instance, negatives the idea of an implied condition. It is expressly alleged therein that the time for performance was agreed upon. Since, therefore, time of performance was expressly agreed upon as part of the contract, it was necessary, in order that the writing be complete in itself, that it express the time of performance. Failing so to do, the contract was, in its effect, oral, and within the ban of the statute.

[3] The second of the grounds is that the contract is wanting in mutuality. While the contract contains apt words of conveyance, which, standing alone, might pass a present title to the timber, yet a reading of the contract as a whole makes it clear that this was not the intent of the parties. The contract is awkward in its wording, and contains provisions seemingly contradictory, but it provides that the logs are to be scaled and accounted for before they are removed from the premises, that payments are to be made at the time of the scaling of each two hundred thousand feet, and the continuance of the contract is made to depend on the payment due upon the first 400,000 feet of logs in the manner provided by the contract. These provisions are inconsistent with the passing of a present title, and clearly show, we think, that such was not the purpose of the parties. Construing the contract as meaning that the title to the timber was to pass to the purchasers only after its severance from the land and the payment of the agreed purchase price, there is a want of mutuality in the contract. The purchasers

make no direct promise to sever and pay for the timber, nor do we think that such a promise can be implied from the language they have used. The contract is permissive, and binds the purchasers only in the case they perform. In other words, it amounts only to a license to sever and remove the timber, uncoupled with an interest. As such, it was revocable at any time by the sellers, and they did revoke, when they refused the appellant permission to perform it. These considerations are enforced, we think, when the contract is looked upon from another angle. Had the appellant refused to perform and the sellers brought an action against him for the breach, it would be difficult to find in the contract any promise upon which a recovery could be based.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.