Argued February 18, reversed and remanded April 29, 1953

# ANDERSON ET UX. *v.* MOOTHART

256 P. 2d 257

H. T. Botts, of Tillamook, and Robert Y. Thornton, of Salem, argued the cause and filed a brief for appellants.

Warren A. McMinimee, of Tillamook, argued the cause and filed a brief for respondents.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND and PERRY, Justices.

PERRY, J.

This is a suit brought by the plaintiffs as owners of real property situated in Tillamook county to perpetually enjoin the defendants from entering into and upon their property and logging and removing the timber thereon.

The defendants by answer ask that the injunction be denied and that the agreement of the parties be declared valid, or, in the alternative, that they have damages for the plaintiffs' breach of the contract.

The injunction was denied, plaintiffs' complaint dismissed, and judgment entered for the defendants for damages for breach of the contract.

The plaintiffs appeal.

This is a suit in equity and triable here de novo.

The uncontroverted facts in this case show that the defendant Art Moothart entered into an oral contract with the plaintiffs to purchase the growing timber upon their premises and to pay them for the timber as it was removed $2.00 at the commencement of the agreement and $3.50 per thousand board feet when the value thereof had increased, which latter sum was being paid to the plaintiffs when this suit was commenced.

■ We are of the opinion that the evidence discloses a joint venture between the defendants Art and Pat Moothart, as to the agreement with the plaintiffs, and the court correctly required that Pat Moothart be made a party to this suit.

The parties commenced operations under their oral agreement and the defendants entered upon the land, constructed a road, cut and removed a portion of the timber, for which the plaintiffs were paid, and had felled other trees which they were not permitted to remove when this suit was commenced.

The plaintiffs devoted a great deal of time in an effort to prove that the defendants had breached their agreement by not cutting and removing the timber in a prompt, diligent and efficient manner as they claimed had been agreed upon between the parties.

■ The trial court found that there was no breach of the agreement by the defendants, and with this conclusion we agree.

■ A sale of standing timber is the sale of an interest in real property. *Anderson v. Miami Lumber Co.*, 59 Or 149, 116 P 1056; *Belt v. Matson*, 120 Or 313, 252 P 80; *Seguin v. Maloney-Chambers Lumber Co.*, 198 Or 272, 253 P2d 252.

■ The agreement between the parties in this suit was oral, but, whether written or oral, the result would

be the same, for the defendants were not purchasing the timber as it stood but only as it was severed from the real property and became personalty, to be paid for at the rate of $2.00, and then later $3.50 per one thousand board feet as scaled. *Coquille M. & T. Co. v. Dollar Company,* 132 Or 453, 469, 285 P 244. Such an agreement creates only a license to enter upon the lands of the licensor for the purpose of cutting and removing the timber. *Coquille M. & T. Co. v. Dollar Company,* supra; *Elliott v. Bloyd,* 40 Or 326, 67 P 202; *Sorensen v. Jacobson* (Mont) 232 P2d 332. And while the agreement remains executory it is revocable at any time at the will of the licensor, unless such valuable and permanent improvements had been made in reliance thereon that it would amount to the perpetration of a fraud if the license were revoked. 1 Thompson on Real Property, Perm ed, § 115, p 163; *Beckman v. Brickley,* 144 Wash 558, 258 P 488; *David v. Brokaw,* 121 Or 591, 256 P 186.

■■ However, the license is revocable only as to its unexecuted portion and is irrevocable as to the portion executed.

"Timber severed from the soil under the provisions of a license or permit authorizing it, and before expiration or revocation of the license or permit, becomes the personal property of the licensee or purchaser, and he is vested with the rights incident to ownership of personal property. As fast as trees are severed from the realty, the contract of sale attaches to them as chattels, and the licensee is entitled to remove them as his own. * * * Where the timber is cut before the license is terminated by revocation or expires by limitation of time, the licensee is entitled to a reasonable time thereafter in which to remove it * * *." 54 CJS 730, Logs and Logging, § 29c.

■ While the defendants expended some money and approximately three days' time in constructing a road on the plaintiffs' premises for their own benefit in removing the logs, we are of the opinion that these acts were not sufficient to constitute an estoppel and make the license, which was revocable, irrevocable. *David v. Brokaw,* supra.

■ The plaintiffs are entitled to a decree enjoining the defendants from trespassing upon their premises, except to the extent of their right to remove trees felled prior to the commencement of this suit, and for a further decree permanently enjoining the defendants from falling any of the growing timber on the said premises.

The decree should provide for the right of the defendants to remove the timber severed prior to the commencement of this suit, or, if this timber, or any part thereof, has been converted by the plaintiffs, then a judgment should be entered in favor of the defendants and against the plaintiffs for the value thereof.

This cause is reversed and remanded with instructions to take such action as is consistent with this opinion.