Argued and submitted April 30, 2002, reversed and remanded March 20, 2003

L. H. MORRIS ELECTRIC, INC., et al,
*Plaintiff,*

*v.*

HYUNDAI SEMICONDUCTOR AMERICA, et al,
*Defendants,*

*and*

M+W/MARSHALL,
a joint venture,
aka Meissner + Wurst/Marshall Joint Venture;
Meissner + Wurst U.S. Operations, Inc.,
a Delaware corporation;
and ADP Marshall, Inc.,
an Arizona corporation,
*Respondents,*

*and*

SAMWOO NAEWOE EMC, CO., LTD.,
and Samwoo America Management, Ltd.,
*Appellants.*

16-98-05206; A113858

66 P3d 509

Wm. Randolph Turnbow argued the cause for appellants. With him on the briefs was Hershner, Hunter, Andrews, Neill & Smith, LLP.

Jeffrey K. Hanson argued the cause for respondents. With him on the brief were R. Miles Stanislaw, Stanislaw Ashbaugh, Seattle, Washington, and Allen, Yazbeck, O'Halloran & Hanson, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Samwoo Naewoe (SN), a Korean corporation, and Samwoo America (SA), its American subsidiary, were named as parties in this complex litigation involving the foreclosure of construction liens recorded against real property and improvements constructed by M+W/Marshall (M+W/M) for Hyundai Semiconductor America, Inc., in Eugene, Oregon. SN and SA appeal from a judgment dismissing their cross-claims against M+W/M as alleged in their answer, which sought recovery of damages based on a contract between SN and M+W/M. The trial court dismissed the claims under ORCP 21 for failure to state a claim, based on its conclusion that the pleading shows that the contract was a construction contract subject to the provisions of ORS chapter 701 and that SN and SA are barred from recovery pursuant to ORS 701.065 because they were not licensed contractors.

We review the grant of a motion to dismiss under ORCP 21 for failure to state a claim as a matter of law. *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999). We assume the truth of all allegations in the pleading, as well as any inferences that may be drawn from them, and view the allegations and inferences in the light most favorable to the nonmoving party. *Id*. We agree with SA and SN that the trial court erred in concluding that the pleading fails to state a claim and therefore reverse.

We state the facts alleged in the answer. In approximately February 1997, SN entered into a contract with M+W/M under which SN would provide and install "clean room wall panels" for a price of $1,865,734. At the time, SN intended to hire a subcontractor to install the panels. The agreement initially provided that SN would provide "air return walls" and "equipment partition walls." On or about February 19, 1997, the parties agreed to amend the contract to add "wallskin" panels at an additional price of $559,266. In April 1997, SN's installation subcontractor abandoned the project, and SN and M+W/M modified the contract to remove all labor from SN:

"It is understood and agreed that the installation work is being deleted from the scope of the work strictly for the convenience of the Subcontractor. Furthermore, the Subcontractor remains fully responsible for all coordination and supervision required for a complete installation."

That document is referred to as Amendment 1. The pleading alleges that M+W/M then entered into a separate contract with SA for the *installation* of the wall panels only, for a price of $660,000. The pleading alleges that, as a result of the amendment to the contract and the creation of a new contract with SA, M+W/M's contract with SN was for materials only, and the contract with SA was for labor only. The pleading alleges, in the cross-claim for reformation, that in May or June 1997 the parties executed a document memorializing the February 19, 1997, agreement to add additional wall-skins for a price of $559,266. That document is referred to as Amendment 2.

For its first cross-claim, SN and SA allege that SN has performed its obligation under the contract and that M+W/M has refused to pay it approximately $300,000.

For its second cross-claim, entitled "accord and satisfaction," SN seeks to enforce an alleged agreement by M+W/M to pay it $242,226 for the amount owing on the contract.

For its third cross-claim, SN seeks to reform Amendment 2, which described SN's obligation as including installation as well as supplying of the additional wallskins. SN asserts that the obligation for installation was mistakenly included, because SN's agreement with M+W/M was only *to supply* the wall panels.

The fourth cross-claim is brought by SA for breach of an agreement to pay its obligations under its subcontract for the installation of the wallskins.

The fifth cross-claim acknowledges that neither SN nor SA was licensed as a contractor with the Oregon Construction Contractors Board (CCB). It seeks a declaration that, as alleged in the pleading, neither SN nor SA was or is a "contractor" as defined in ORS 701.005(3) or was or is "doing work as a contractor" so as to bring it within the

licensing requirements of ORS chapter 701 because: (1) SN was a mere supplier of materials and (2) the panels installed by SA were not attached to the real property. In the alternative, SN and SA assert that, if they were contractors, their failure to be licensed is excused under ORS 701.065 because they were unfamiliar with the licensing requirement; because language difficulties prevented them from understanding the legal requirements of their agreements or the applicable law; because M+W/M led SA and SN to believe that they would be paid despite the lack of a contractor's license; and because SA and SN provided substantial materials and labor for which they might not be paid and which it would be manifestly unfair to allow M+W/M to retain without payment. The sixth cross-claim asserted a right to attorney fees under the contract.

A claim that seeks a declaratory judgment, such as SN and SA's fifth cross-claim, states a claim unless it fails to allege facts that show that the parties have a justiciable dispute. *See, e.g., Burks v. Lane County*, 72 Or App 257, 260, 695 P2d 1373 (1985). Here, SN and SA seek a declaration that the wall panels and skins that they sold and installed at the Hyundai plant were not attached to the real property. If the wall panels and skins were not attached to the real property, then SN and SA were not required to be registered as contractors under ORS chapter 701 in order to sell and install them.[1] If SN and SA were not required to be registered as

---

[1] ORS 701.055(1) provides:

"A person may not undertake, offer to undertake or submit a bid to do work as a contractor unless that person has a current, valid license issued by the Construction Contractors Board. A partnership, corporation, or joint venture may not undertake, offer to undertake or submit a bid to do work as a contractor unless that partnership, corporation or joint venture is licensed under this chapter. A partnership or joint venture is licensed for the purpose of offering to undertake work as a contractor on a structure if any of the partners or joint venturers whose name appears in the business name of the partnership or joint venture is licensed under this chapter."

ORS 701.005(2), in turn, defines a contractor as

"a person who, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate or to do any part thereof. 'Contractor' includes general contractors, residential-only contractors and specialty contractors as defined in this section."

contractors, then they are not disqualified by ORS 701.065 from seeking judicial relief for M+W/M's alleged failure to pay them for the panels and skins, which means that SN and SA are free to pursue all of the claims that they have alleged against M+W/M.[2] It follows that the fifth cross-claim states a claim for a declaratory judgment and that the proper disposition of the other claims turns on whether SN and SA are entitled to the declaration that they seek.

■       Because the fifth cross-claim states a claim for declaratory relief, the trial court erred in dismissing it. That conclusion would not lead very far if the allegations in the fifth cross-claim established as a matter of law that SN and SA are not entitled to the declaration that they seek. In that circumstance, and depending on how we resolved the balance of the issues that are presented on this appeal, we could affirm the trial court's judgment even though the court should have declared the parties' rights rather than dismissing all of the claims. *See Burk*, 72 Or App at 260-61.

As it turns out, however, the allegations in the fifth cross-claim cannot be resolved as a matter of law. The pleading alleges that SA was to install wall panels. The pleading does not describe, however, the different types of wall panels or their functions, except to explain that they are "generally described as 'Clean Room Wall Panels.' " The agreement that the parties signed on February 19 described three types of walls: wallskins, air return walls, and equipment partition walls. In Amendment 2, the wallskins are described as "cleanroom walls." A "clean room" is commonly defined as "a room for the manufacture or assembly of objects (as precision parts) that is maintained at a high level of cleanliness by special means." *Merriam-Webster's Collegiate Dictionary* 212 (10th ed 1999). A "wall" is defined as "a vertical architectural member used to define and divide space * * * esp: one of the sides of a room or building that connects the floor and ceiling or foundation and roof[.]" *Webster's Third New Int'l*

---

[2] ORS 701.065(1) provides:

"Except as provided in subsection (2) of this section, a contractor may not perfect a claim with the Construction Contractors Board, in arbitration or in any court of this state for compensation for the performance of any work or for the breach of any contract for work that is subject to this chapter, unless the contractor had a valid license issued by the Board[.]"

*Dictionary* 2572 (unabridged ed 1993). Although walls are commonly attached to a structure, there is nothing inherent in the definitions of the terms "clean room" and "wall" that is inconsistent with or would preclude proof that the clean room walls supplied by SN and installed by SA were not attached to the real property. The pleading therefore permits SN and SA to establish that the wall panels were not to be attached to the real estate. If they are successful in doing so, they will have established that they are entitled to the declaration that they seek and to pursue their other claims against M+W/M. Accordingly, the trial court should not have dismissed the cross-claims. In view of our conclusion that the trial court erred in dismissing the SN and SA claims for failure to state a claim, we do not address the balance of the arguments that SN and SA raise against the dismissal of their claims.

Reversed and remanded.