Argued and submitted March 17, 2011, affirmed August 29, 2012

John M. PINCETICH,
dba John M. Pincetich Construction,
*Plaintiff-Appellant,*

*v.*

Thomas M. NOLAN
and Frances A. Nolan,
husband and wife,
*Defendants-Respondents.*

Clatsop County Circuit Court
092110; A144751

285 P3d 759

Michael E. Haglund argued the cause for appellant. With him on the briefs were Shay S. Scott and Haglund Kelley Horngren Jones & Wilder LLP.

Sara Kobak argued the cause for respondents. With her on the brief were Noah Jarrett, Michael T. Garone, and Schwabe, Williamson & Wyatt P.C.

Before Armstrong, Presiding Judge, and Ortega, Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Plaintiff appeals a judgment that dismissed his claims against defendants on summary judgment after the trial court concluded that ORS 701.131(1) barred him from commencing an action against them to recover compensation allegedly owed him for his work under a construction contract. We affirm.

Defendants contracted to pay plaintiff $286,271 to construct a residence. After plaintiff began to perform the contract, the Construction Contractors Board (CCB) suspended plaintiff's license to perform construction work because he had allowed his liability insurance to lapse. The CCB reinstated plaintiff's license when he obtained replacement liability insurance 14 days later. Plaintiff worked for roughly six more months to construct the residence after the CCB reinstated his license.

Plaintiff eventually claimed that defendants had not paid him amounts that they owed him for his construction work. When defendants refused to pay, plaintiff filed an action against them for breach of contract, *quantum meruit*, and claim on account to recover amounts allegedly owed to him for his work on the house.

Defendants answered and filed counterclaims against plaintiff for breach of contract, negligence, indemnity, and unlawful trade practices. Defendants also alleged, as an affirmative defense, that ORS 701.131(1) barred plaintiff from commencing his action against them because he had failed to maintain his contractor's license continuously throughout his performance of the contract and his work on the house.

ORS 701.131 provides, as relevant:

"(1) Except as provided in subsection (2) of this section, a contractor may not * * * commence an arbitration or a court action for compensation for the performance of any work or for the breach of any contract for work that is subject to this chapter, unless the contractor had a valid license issued by the board * * *:

"* * * * *

"(b) Continuously while performing the work for which compensation is sought."

Defendants moved for partial summary judgment in their favor on plaintiff's claims on the ground that ORS 701.131(1) barred plaintiff's action. Plaintiff opposed the motion, contending that there were triable factual issues on whether he came within an exception in ORS 701.131(2)(c)[1] that prevented the court from applying the claims bar in ORS 701.131(1). That exception provides:

"(2) The board, arbitrator or court may not apply the provisions of [ORS 701.131(1)] to a contractor if the board, arbitrator or court determines that:

"* * * * *

"(c) The proceeding:

"(A) Is directed against a person or entity that:

"(i) Is subject to this chapter or ORS chapter 671 or 672;

"(ii) Provides construction or design labor or *services* of any kind; or

"(iii) Manufactures, distributes, rents or otherwise provides materials, supplies, equipment, systems or products; and

"(B) Arises out of defects, deficiencies or inadequate performance in the construction, design, labor, *services*, materials, supplies, equipment, systems or products provided."

ORS 701.131(2)(c) (emphasis added).

Plaintiff contended that his action against defendants was subject to the exception because defendants qualified as residential developers and, therefore, were subject to ORS chapter 701, thereby satisfying ORS

---

[1] The provision at issue was renumbered as a result of amendments adopted by the 2007 legislature after the occurrence of the events that gave rise to this action. Or Laws 2007, ch 836, § 58. Because the amendments did not alter the import of the statute as applied to this case, we cite the current version of it.

701.131(2)(c)(A), and the proceeding arose out of defendants' inadequate performance of the services that they provided in the construction of the house, thereby satisfying ORS 701.131(2)(c)(B). Specifically, plaintiff contended that, as developers, defendants provided the service of paying contractors and others for their work and that plaintiff's claims against defendants arose from their inadequate, *viz.*, untimely, performance of that service.

The trial court granted defendants' motion for partial summary judgment and dismissed plaintiff's claims against defendants. The court concluded that ORS 701.131(2)(c) was inapplicable because, even assuming that defendants were subject to ORS chapter 701, "it is a stretch to say that their failure to pay plaintiff was the inadequate performance of a service" under the terms of the exception.

Plaintiff appeals, contending that the court erred in concluding that the exception in ORS 701.131(2)(c) was inapplicable.[2] Plaintiff contends that payment for work is a service that developers provide within the meaning of ORS 701.131(2)(c) and that genuine issues of material fact exist regarding whether defendants adequately performed that service.

On review of a trial court's grant of summary judgment, we view the record in the light most favorable to the party opposing summary judgment to determine whether there is any genuine issue of material fact and, if not, whether the moving party is entitled to judgment as matter of law. *Andrews v. Sandpiper Villagers, Inc.*, 215 Or App 656, 663, 170 P3d 1098 (2007).

Unless ORS 701.131(2)(c) applies, defendants are entitled to judgment in their favor dismissing plaintiff's claims. Plaintiff acknowledges that the CCB suspended his license during the time that he performed construction work for defendants. Because plaintiff was not continuously licensed while performing construction work pursuant to the parties' contract, ORS 701.131(1)(b) bars him from

---

[2] Plaintiff also argues that the court erred in rejecting his contention that the claims bar imposed by ORS 701.131(1) violates the remedy clause in Article I, section 10, of the Oregon Constitution. We reject his remedy clause argument without discussion.

commencing an action for compensation for that work unless the exception in ORS 701.131(2)(c) applies.

Whether ORS 701.131(2)(c) applies to plaintiff's action depends on whether the term "services," as used in the statute, includes a developer's contractual obligation to make payments for construction work. We review questions of statutory interpretation for legal error. *State v. Kuperus*, 241 Or App 605, 607, 251 P3d 235 (2011).

Plaintiff contends that the trial court failed to interpret ORS 701.131(2)(c) "fairly and consistent[ly] with its plain language and legislative intent." He contends that a developer's role in construction includes facilitating timely payment of billings and that a failure to properly perform that service affects each step of a project. He further contends that the sequencing and timing of payments is critical to the proper completion of a construction contract and, thus, a developer's failure to make timely payments pursuant to a contract is inadequate performance of a service within the meaning of ORS 701.131(2)(c). However, our review of the history and purpose of the provision leads us to conclude that it does not apply to plaintiff's action.

The purpose of ORS chapter 701 is to protect consumers from irresponsible builders. *Parsons v. Henry*, 65 Or App 627, 629, 672 P2d 717 (1983), *rev den*, 297 Or 82 (1984). ORS 701.131(1) is one of the provisions in chapter 701 that the legislature adopted to do that. It serves to deter unlicensed contractors from performing construction work by denying them the ability to pursue claims for compensation for their work.

The legislature added the exception in ORS 701.131(2)(c) in 2003 in order to further benefit consumers by providing authority for unlicensed contractors to pursue third-party claims in construction-defect cases. The concern that motivated the proponents of the exception to ask the legislature to adopt it was that the claims bar in ORS 701.131(1) could prevent unlicensed contractors from pursuing third-party claims in cases in which consumers sued them for damages for construction defects. Testimony, Senate Committee on Rules, SB 906, July 10, 2003, Ex M

(statement of John DiLorenzo, Jr.). By lifting the bar to allow unlicensed contractors to bring third-party claims against others whose actions had caused or contributed to construction defects, the provision was intended to allow contractors to recover funds from other responsible parties and to thereby better ensure that affected consumers were made whole. *Id.* Nothing about the provision and its history suggests that it was intended to lift the claims bar to allow unlicensed contractors to do the very thing that the claims bar is intended to prevent them from doing— *viz.*, to bring claims for compensation for their work—yet plaintiff's proposed construction of the exception would allow unlicensed contractors to do precisely that.[3]

---

[3] We note that the proponents of the exception may have misunderstood the operation of the claims bar. The claims bar prohibited an unlicensed contractor or developer from commencing a claim to recover *compensation* for the performance of any construction work or for the breach of any contract for construction work. *Cf.* ORS 701.131(1)(b) (claims bar applies when contractor fails to maintain license continuously "while performing the work for which compensation is sought"). In that light, the claims bar arguably would not have prohibited an unlicensed contractor from commencing a third-party claim against a party responsible for causing a construction defect because such a claim would *not* have been *for compensation* for construction work or for breach of a contract for construction work. Thus, enactment of the exception may not have been necessary to enable unlicensed contractors to bring such third-party claims.

Moreover, 2007 amendments to ORS 701.131 appear to have rendered the exception in ORS 701.131(2)(c) superfluous. The legislature amended *former* ORS 701.065 in 2007 as part of a comprehensive set of amendments to chapter 701. *See* Or Laws 2007, ch 793, § 6. Where *former* ORS 701.065(1) barred an unlicensed contractor from commencing a *claim* in court, ORS 701.131(1) now bars an unlicensed contractor from commencing a *court action.*

The CCB, which sought the amendments, explained that the amendments were not intended to make any substantive changes to the law but, by changing the terminology used in chapter 701, would merely clarify the dispute-resolution services provided by the CCB. Audio Recording, Senate Committee on Business, Transportation and Workforce Development, SB 94, Jan 25, 2007, at 28:15 (statement of Bill Boyd), http://www.leg.state.or.us/listn/ (accessed July 26, 2012); Audio Recording, House Committee on Consumer Protection, SB 94, May 4, 2007, at 54:20 (statement of Craig Smith), http://www.leg.state.or.us/listn/ (accessed July 26, 2012).

Despite the CCB's stated intention, the amendments had a substantive effect. By changing the language of the claims bar to prohibit an unlicensed contractor from commencing a court action, rather than a claim, the amendments permit an unlicensed contractor to file any counterclaim or third-party claim, even if that claim seeks compensation for construction work, provided the contractor does not commence a court action for compensation. As a result, ORS 701.131(1), as presently enacted, obviates the need for ORS 701.131(2)(c) to accomplish its purpose of permitting unlicensed contractors and developers to bring third-party claims because ORS 701.131(1) does not bar such claims.

Consistently with its text, context, and history, we conclude that ORS 701.131(2)(c) applies to construction-defect proceedings and, consequently, to claims involving services whose inadequacy contributed to the defects that are the subject of the proceedings. The action that plaintiff filed is not such a proceeding and, hence, is not subject to the exception in ORS 701.131(2)(c). Therefore, the trial court properly granted partial summary judgment dismissing plaintiff's claims on the ground that ORS 701.131(1) barred plaintiff from commencing the action.

Affirmed.