Argued and submitted October 13, 2017; on respondent's amended motion to dismiss filed December 14, appellant's response filed December 22, 2017, and respondent's reply filed January 9, 2018, affirmed December 18, 2019

JOSEPH MILL PROPERTY, LLC,
an Oregon limited liability company,
*Plaintiff,*

*v.*

S&V PROPERTIES, LLC,
a Califomia limited liability company,
*Defendant.*

S&V PROPERTIES, LLC,
a California limited liability company,
*Third-Party Plaintiff-Appellant,*

*v.*

OFFICEMAX INCORPORATED,
a Delaware corporation,
*Third-Party Defendant-Respondent,*

*and*

James ZACHARIAS,
*Third-Party Defendant.*

Wallowa County Circuit Court
131014327; A161483

455 P3d 526

Defendant appeals an order granting third-party defendant OfficeMax Incorporated's (OfficeMax) motion to dismiss. The parties agree that defendant had obtained a license to store mulch on OfficeMax's property after defendant processed wood waste that had been located on the property. Defendant argues that the trial court incorrectly determined that OfficeMax could revoke the license at will, arguing that OfficeMax was estopped from revoking defendant's license because defendant had made valuable and permanent improvements to the property in reliance on the license. In the alternative, defendant argues that the license was not revocable because either it was coupled with an interest or it had already been executed. *Held*: The trial court did not err. Although defendant had expended capital and labor to process the wood waste into the resulting mulch, defendant did not identify any valuable and permanent improvements that defendant had made to the property in reliance on the license. Neither of the other exceptions to the general rule that licenses are revocable that defendant identified applies in this case.

Affirmed.

Brian Dretke, Judge.

D. Zachary Hostetter argued the cause for appellant. Also on the briefs were R. Daniel Lindahl, Bullivant Houser Bailey PC, and D. Rahn Hostetter, Hostetter Law Group LLP.

Janet M. Schroer argued the cause for respondent. On the brief was Bruno J. Jagelski.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

Defendant S&V Properties appeals a limited judgment of dismissal, assigning error to the trial court's order granting third-party defendant OfficeMax's motion to dismiss. OfficeMax had granted defendant a license to store mulch on OfficeMax's property, and defendant argues that the trial court incorrectly determined that OfficeMax could revoke defendant's license at will. Licenses are generally revocable, and we conclude that defendant failed to allege facts sufficient to satisfy any of the exceptions to that general rule. Hence, we affirm.[1]

When reviewing a trial court's decision on a motion to dismiss, we assume the truth of all well-pleaded allegations, as well as any inferences that may be drawn from them, and view those allegations in the light most favorable to the nonmoving party. *L. H. Morris Electric v. Hyundai Semiconductor*, 187 Or App 32, 35, 66 P3d 509 (2003). We review a trial court's ultimate decision on the motion for legal error. *Id.*

OfficeMax purchased property that was contaminated with a wood-products landfill. Although the prior owner had obtained a permit from the Oregon Department of Environmental Quality (DEQ) for the landfill, the permit required the eventual closure of the landfill. In preparing to sell the property, OfficeMax contracted with defendant to process the landfill material and remove it from the site. The original removal plan called for processing approximately 56,000 to 65,000 cubic yards of material and anticipated that it would yield approximately 5,000 cubic yards of mulch. The parties reached an agreement in August 2008 that defendant would process the landfill material, take ownership of the resulting mulch, and temporarily store the mulch on the property while gradually selling and removing it.

---

[1] OfficeMax moved to dismiss the appeal as moot after argument in the case on the ground that a subsequent judgment against S&V Properties would have preclusive effect on remand were we to reverse the limited judgment. We are not persuaded that the prospective application of issue preclusion on remand is a proper basis for us to dismiss the appeal as moot, and, hence, we deny the motion.

Shortly thereafter, defendant discovered that the amount of landfill material was significantly greater than had originally been estimated in the removal plan. Defendant estimated that the additional material would result in an unanticipated 40,000 cubic yards of additional mulch. Because of that excess material, defendant told OfficeMax that it could not take ownership of the increased volume of mulch unless it could store the mulch on the property for a three-year period. Defendant indicated that three years was the minimum acceptable time to remove the mulch and that any less time would be unreasonable. OfficeMax orally agreed to defendant's proposed storage schedule.

Defendant completed processing and stockpiling the mulch in the summer of 2010. OfficeMax informed DEQ of the three-year storage plan during DEQ's final inspection of the premises. Based on that plan, DEQ determined that the landfill had successfully been closed and issued a no-further-action letter.

OfficeMax sold the property less than three years later. The new owner sued defendant for trespass because of the mulch that remained on the property. Defendant responded by, among other things, filing a third-party complaint against OfficeMax for breach of license.

In its third-party complaint, defendant alleged that the agreement to store the mulch on OfficeMax's property for three years constituted an irrevocable license. Defendant alleged that OfficeMax had breached that license by selling the property to another owner that did not intend to honor the license. In response, OfficeMax filed a motion under ORCP 21 A(8) seeking dismissal of defendant's complaint for failure to state facts sufficient to constitute a claim for relief. In its motion, OfficeMax argued that a license can be rendered irrevocable only if the licensor is estopped from revoking the license, and defendant had failed to allege facts sufficient to establish such an estoppel. The trial court agreed with OfficeMax and dismissed defendant's breach-of-license claim. This appeal followed.

Under Oregon's statute of frauds, an agreement pertaining to an interest in real property must be in writing.

ORS 41.580(1)(e). However, an oral agreement can give rise to a license to use real property. *See, e.g.*, *Burkhart v. Cartwright*, 221 Or 26, 350 P2d 185 (1960) (recognizing an oral license for use of real property). "A license consists of a landowner's consent to the use of his property by another in a way which would otherwise be wrongful." *Rouse v. Roy L. Houck Sons' Corp.*, 249 Or 655, 660, 439 P2d 856 (1968). Because an oral agreement is not enforceable under the statute of frauds, oral licenses are generally revocable at will. *Id.* Unlike most states, however, Oregon recognizes the possibility of an irrevocable license in certain circumstances. *Brown v. Eoff*, 271 Or 7, 10-11, 530 P2d 49 (1975). Both parties agree that defendant pleaded sufficient facts to allege that OfficeMax had granted a license to defendant, but they disagree over whether OfficeMax could revoke that license.

Defendant contends that it pleaded sufficient facts to make its license irrevocable under each of three exceptions to the general rule of revocability:[2] (1) Its license was irrevocable under an estoppel theory; (2) its license became irrevocable because it was coupled with an interest in chattel property located on OfficeMax's property; and (3) its license was irrevocable to the extent that defendant had executed the license. *See McCarthy v. Kiernan*, 118 Or 55, 61, 245 P 727 (1926) (recognizing an estoppel theory); *Paullus v. Yarbrough*, 219 Or 611, 638, 347 P2d 620 (1959) (recognizing that a property interest in standing timber growing on another person's land "would carry with it the irrevocable privilege to enter" as a license coupled with an interest); *Anderson v. Moothart*, 198 Or 354, 358, 256 P2d 257 (1953)

---

[2] The trial court considered only one of defendant's theories. However, instead of remanding to the trial court to consider the remaining theories that defendant advanced to the trial court, we review the record to determine whether defendant pleaded sufficient facts under any of the three theories. "When a trial court has applied an incorrect legal standard in assessing a party's claim, we sometimes remand so the trial court may apply the correct standard in the first instance." *Williams v. Salem Women's Clinic*, 245 Or App 476, 483, 263 P3d 1072 (2011). "When the standard is purely legal, however, in the interest of judicial economy, we often apply the legal standard ourselves instead of remanding." *Id*. Here, it is appropriate for us to determine whether defendant pleaded sufficient facts to state a claim under any tenable theory because there are no factual determinations to be made; we are concerned solely with whether defendant stated a claim as a matter of law.

("[A] license is revocable only as to its unexecuted portion and is irrevocable as to the portion executed.").

We begin with defendant's first claimed exception—that OfficeMax was estopped from revoking the license. "[A] license is irrevocable [under an estoppel theory] when the licensee, in good faith and in reliance upon his agreement, makes such valuable and permanent improvements that it would amount to the perpetration of a fraud if the license were revoked." *McCarthy*, 118 Or at 61. To satisfy that standard, a licensee must plead facts sufficient to establish (1) that the licensee reasonably relied on the licensor's grant of the license; (2) that the licensee made improvements to the land; and (3) that those improvements were valuable and permanent.

Here, defendant contends that OfficeMax is estopped from revoking the license because defendant expended substantial funds to process the wood waste and to dispose of the resulting mulch in reliance on the license. Defendant further argues that OfficeMax is estopped from revoking the license because OfficeMax received a substantial benefit—removal of the wood waste—from defendant's actions. Defendant has not alleged facts the would render its license irrevocable, however, because defendant did not allege that it had made any improvements *to the property*. Although defendant alleged that it had expended capital and labor in reliance on the license, it did not allege that those expenditures resulted in improvements to the property that would give rise to an irrevocable license to use that property. Rather, as discussed below with regard to defendant's other theories, defendant processed wood waste that was located on that property into a chattel that was temporarily located on the property. Defendant was entitled to the result of its expenditure of labor and capital—the mulch—under the terms of the contract. But defendant did not allege that it had made any improvement that would entitle it to continued irrevocable use of OfficeMax's property.

We turn to defendant's second claimed exception—that its license became irrevocable because it was a license coupled with an interest in chattel property on OfficeMax's land. A "license coupled with an interest is one which is

incidental to the ownership of an interest in [] chattel [] located on the land with respect to which the license exists." *Restatement (First) of Property* § 513 (1944) (cited with approval in *Paullus*, 219 Or at 638). In *Paullus*, the parties had a contract whereby the plaintiff agreed to purchase all merchantable red fir and white fir on a portion of the defendants' property. *Id.* at 615. Because the plaintiff did not pay for the timber beforehand but instead paid for it as he removed it, the defendants contended that the contract merely created a revocable license for the plaintiff to enter defendants' property to remove the timber. *Id.* at 617-18. The defendants then attempted to bar plaintiff from entering the property, and the plaintiff brought suit to enjoin the defendants from doing that. *Id.* at 614. The Supreme Court concluded that the agreement created more than a mere license because the contract obligated the plaintiff to purchase "all" timber on the property. *Id.* at 619. The court determined that the plaintiff's right to purchase all standing merchantable timber gave him a property interest in the timber, and his privilege to enter the property to remove the timber was an irrevocable license coupled with that interest. *Id.* at 634. However, that conclusion was conditioned on the fact that the plaintiff had acquired a property interest in the standing timber *before* it was severed. *Id.* at 638.

> "Simply because there is a contract for the sale of personal property it does not necessarily follow that the defendants can be enjoined from preventing the plaintiff to enter their lands. *** If, however, the plaintiff acquired an interest in the timber before severance, the interest would carry with it the irrevocable privilege to enter. This privilege is generally described as a license coupled with an interest."

*Id.* Because the plaintiff had a property interest in the standing timber that remained on the defendants' land, the plaintiff had obtained an irrevocable license to enter and sever his chattel property from the licensor's land. *Id.*

Defendant argues that its license was coupled with a chattel interest in the mulch on OfficeMax's land, and, therefore, the license had become irrevocable. However, defendant did not obtain an interest in any chattel property that was attached to OfficeMax's land. Therefore, defendant

did not allege facts under which it had obtained an irrevocable license coupled with an interest.

Defendant's third and final claimed exception is that the license was irrevocable because the license had been executed. An executed license grants the licensee an opportunity to recover its moveable chattel that is located temporarily on the licensor's land. The Supreme Court discussed that exception in *Anderson*. 198 Or at 358. The parties had an oral agreement in *Anderson* that allowed the defendant to harvest timber on the plaintiff's property. *Id.* at 357. Similar to the agreement in *Paullus*, the defendant paid for the harvested timber as he removed it from the land. However, unlike the agreement in *Paullus*, the parties in *Anderson* did not have a written contract, so there was nothing in the agreement that gave the defendant a property interest in the standing timber. Without such a property interest, the defendant merely had a license to enter the property to remove timber. *Id.* at 357-58. That license was revocable at the plaintiff's will, but the Supreme Court concluded that the revocability was limited to the "unexecuted" portion of the license. *Id.* at 358. The defendant had already executed a portion of the license to the extent that the defendant had felled timber on the plaintiff's property. *Id.* Because the defendant had a vested property interest in the timber that had already been severed from the land, the defendant maintained an irrevocable license to enter the property for the limited purpose of removing the felled timber. *Id.* at 358-59.

Defendant argues that its license was rendered irrevocable because defendant had already executed the license by mulching the landfill material. Defendant's argument fails, however, because that exception does not give defendant the relief that defendant seeks. A license that has been partially executed gives the licensee an irrevocable license for the limited purpose of removing the licensee's personal property that is located on the licensor's land. However, defendant sought an irrevocable license to continue *storing* the mulch on OfficeMax's land. That remedy would exceed the scope of the executed-license exception, and any executed license that defendant may have possessed had already expired before OfficeMax revoked the license.

Based on the foregoing, we conclude that defendant failed to allege facts sufficient to establish that its license was irrevocable under any of the three exceptions that apply to a license to use land. Hence, the trial court did not err in granting OfficeMax's motion to dismiss.

Affirmed.